IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:15-CV-43-JG

| | |
|---|---|
| FREDERICK VANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This case, an appeal from denial of Social Security benefits, comes before the court on the motion (D.E. 28) by plaintiff Frederick Vance ("plaintiff") to recover attorney's fees and costs from defendant Acting Commissioner of Social Security ("Commissioner"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA's applicability to Social Security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988).

Litigants are considered "prevailing parties" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988). In Social Security appellate

---

[1] Nancy A. Berryhill has succeeded the former defendant, Carolyn W. Colvin, as the Acting Commissioner of Social Security and has been substituted for her as the defendant in this case pursuant to Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

litigation, a party obtaining "a sentence four [42 U.S.C. § 405(g)] remand order" from a denial of benefits satisfies the prevailing party threshold. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Here, by order entered 17 March 2017 (D.E. 26), the court allowed plaintiff's motion for judgment on the pleadings and directed that the case be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff is therefore the prevailing party. He seeks fees in the amount of $5,000.00 and costs in the amount of $400.00. The Commissioner does not object to this award. *See* Mot. ¶ 11. The court finds the amount requested to be reasonable.

It is therefore ORDERED that:

1. The Commissioner shall pay $5,000.00 in attorney's fees and $400.00 in costs associated with this case in full satisfaction of any and all claims arising under the EAJA.

2. Provided that the award to plaintiff is not subject to the Treasury Offset Program ("Program"), payment shall be made by check payable to plaintiff's counsel, Charlotte W. Hall, Esq., and mailed to her at the following address pursuant to plaintiff's assignment (D.E. 28-2) to his attorney of his right to payment of attorney's fees under the EAJA:

Charlotte W. Hall
Charles T. Hall Law Firm, P.C.
P.O. Box 10629
Raleigh, North Carolina 27605

3. If the award is subject to the Program, the balance shall be mailed to Attorney Hall at the above address and the check made payable to her if allowed by the Program.

This 12 day of May 2017.

James E. Gates
United States Magistrate Judge